UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANN FORD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 19-cv-05967 ) |
| U.S. FOODS, INC., | ) Judge Thomas M. Durkin ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION AND ORDER**

Ann Ford alleges that her former employer, U.S. Foods, Inc., failed to pay her overtime wages in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law ("IMWL"). R. 1. Ford brings her action on behalf of herself and all others similarly situated. *Id*. She and several opt-in plaintiffs (collectively "Plaintiffs") move to conditionally certify their lawsuit as a collective action under the FLSA and for authorization to facilitate notice. R. 56. For the following reasons, Plaintiffs' motion is granted.

**Background**

U.S. Foods is a food distribution company with more than 60 locations across the country. R. 1 ¶¶ 1, 3. The company purchases food from vendors and then distributes that food to customers. *Id*. ¶ 22. U.S. Foods employees who purchase the food are known as Buyers. *Id*. Ford was a Buyer for U.S. Foods. *Id*. ¶ 10.

1

When U.S. Foods first hired Ford, she was told that she and other Buyers would work Monday through Friday for eight hours a day. *Id.* ¶ 42. Due to the demands of the job, however, Buyers consistently worked overtime. *Id.* ¶ 43. In fact, Ford and others often worked 12 hours a day and over the weekends, totaling 50 to 60 hours a week. *Id.* ¶¶ 43, 52. Their workloads included making purchases for 7,000 product lines, maintaining inventory levels, and responding to inquiries from vendors. *Id.* ¶ 44, 47-48. According to the complaint, Buyers do not have decision-making authority nor are they able to employ any meaningful discretion in performing their duties. *Id.* ¶¶ 36-37.

U.S. Foods previously classified Buyers as non-exempt, hourly employees under the FLSA and accordingly paid them overtime wages. *Id.* at 2. But starting in October 2016, U.S. Foods re-classified Buyers as exempt, salaried employees and no longer paid them for overtime even though their duties remained the same. *Id.* The complaint alleges that U.S. Foods knew that Ford and other Buyers consistently worked overtime, and willfully withheld their overtime wages in bad faith. *Id.* ¶¶ 53, 60.

Ford therefore seeks the overtime wages that she and others are allegedly owed. *Id.* ¶ 61. Count I of the complaint is brought under the FLSA[1] and Count II is brought

---

[1] On May 5, 2020, Plaintiffs moved to toll the FLSA statute of limitations for all putative class members from March 31, 2020 until the date the Court decides her motion for conditional certification. *See* R. 45. Assuming the Court would grant her motion for conditional certification, she further requested that the Court extend the tolling period through the end date in order for putative class members to opt-in to this lawsuit. *Id.* The Court denied the motion to toll the FLSA statute of limitations but did so without prejudice so that future opt-in plaintiffs could later move for similar relief if they so choose. *See* R. 49.

2

under Illinois law. At this stage in the proceedings, the only issue before the Court is whether it should conditionally certify the FLSA claim as a collective action.

## Legal Standard

The FLSA generally provides that "employees are entitled to overtime pay (i.e., one and one-half times the regular rate) for any hours worked in excess of forty hours per week, unless they come within one of the various exemptions set forth in the Act." *Schaefer–LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 572 (7th Cir. 2012) (citing 29 U.S.C. §§ 207, 213). The FLSA also "gives employees the right to bring their FLSA claims through a 'collective action' on behalf of themselves and other 'similarly situated' employees." *Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010) (citing 29 U.S.C. § 216(b)). A collective action under the FLSA is different from a class action under Federal Rule of Civil Procedure 23 in that "in a collective action unnamed plaintiffs need to opt in to be bound, rather than, as in a class action, opt out not to be bound." *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012).

"Courts of this Circuit employ a two-step process for determining whether an FLSA lawsuit should proceed as a collective action." *Vargas v. Sterling Eng'g, Inc.*, No. 18-CV-5940, 2020 WL 1288982, at *2 (N.D. Ill. Mar. 18, 2020). At step one, the Court determines whether "similarly situated" plaintiffs exist, such that a notice to opt in can be sent to them. *Id.*; *Gomez v. PNC Bank, Nat'l Ass'n*, 306 F.R.D. 156, 173 (N.D. Ill. 2014), *aff'd sub nom. Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360 (7th Cir. 2015); *Briggs v. PNC Fin. Servs. Grp., Inc.*, No. 15-CV-10447, 2016 WL 1043429, at *1 (N.D. Ill. Mar. 16, 2016). The plaintiff has the burden to "show that the potential claimants are

similarly situated by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." *Strait v. Belcan Engineering Group, Inc.*, 911 F. Supp. 2d 709, 718 (N.D. Ill. 2012) (citation omitted).

Courts have described this "modest factual showing" as a "low standard of proof," *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 855 (N.D. Ill. 2013), that requires only a "minimal showing." *Jirak v. Abbott Labs., Inc.*, 566 F. Supp. 2d 845, 847 (N.D. Ill. 2008). Although the burden is low, plaintiffs must still "provide some evidence in the form of affidavits, declarations, deposition testimony, or other documents to support the allegations that other similarly situated employees were subjected to a common policy that violated the law." *Vargas*, 2020 WL 1288982, at *2. Notably, the Court "does not make merits determinations, weigh evidence, determine credibility, or specifically consider opposing evidence presented by a defendant." *Id.* (citation omitted). This case is at step one, the conditional certification stage.

The second step occurs after the notice is sent, additional discovery is pursued, and more plaintiffs opt in. *Gomez*, 306 F.R.D. at 174. At that step, the court "focuses on whether the plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.* (citations and quotations omitted). Courts at the second step must consider: "(1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to be individually applied to each plaintiff; and (3) fairness and procedural concerns." *Mielke v. Laidlaw Transit, Inc.*, 313 F. Supp. 2d 759, 762 (N.D. Ill. 2004).

4

Compared to the inquiry at step one, the court's inquiry at step two "is more stringent." *Jirak*, 566 F. Supp. 2d at 848.

## Discussion

### I. Conditional Certification

Plaintiffs seek to conditionally certify an FLSA collective action comprising of the following members:

> Grocery Buyers, Center of Plate ("COP") Buyers and Produce Buyers (collectively, "Buyers") who are or were employed by U.S. Foods, Inc. ("Defendant") from [three years prior to the order] to the present.

R. 56-7. In support of their motion, Plaintiffs submit testimony from the depositions of Plaintiff Ann Ford and opt-in Plaintiffs James Glody, Desiree Elvebo, and Loretta Herrera.[2] Plaintiffs argue that their testimony shows how Grocery Buyers, COP Buyers, and Produce Buyers are similarly situated for purposes of conditional certification. The Court agrees.

To begin, Plaintiffs testified that Grocery, COP, and Produce Buyers were responsible for the same basic tasks. *See, e.g.*, R. 56-2, Ford Dep. 470:12-18; R. 56-4, Elvebo Dep. 401:15-22; R. 56-3, Glody Dep. 426:23-427:10. Those tasks included reviewing purchase orders (R. 56-5, Herrera Dep. 80:24-81:8; R. 56-4, Elvebo Dep. 214:3-6; R. 56-3, Glody Dep. 46:12-47:6), reading inventory reports (R. 56-2, Ford Dep. 396:8-15; R.56-4, Elvebo Dep. 98:8-16; R. 56-5; Herrera Dep. 412:11-14), and drafting comments related to those reports (R. 56-2, Ford Dep. 33:4-16; R. 56-4, Elvebo Dep.

---

[2] Opt-in Plaintiffs James Glody, Desiree Elvebo, and Loretta Herrera previously worked as Buyers at U.S. Foods.

99:20-100:8; R. 56-4, Herrera Dep. 74:3-11). Plaintiffs further testified that all Buyers at U.S. Foods received the same basic training at the start of their employment. *See, e.g.*, R. 56-4, Herrera Dep. 136:3-7; R. 56-3, Glody Dep. 182:12-183:7, 385:17-386:9.

The similarities between Grocery, COP, and Produce Buyers do not end there. Plaintiffs testified that they were scheduled to be on the job Monday through Friday for 8 hours a day but that their extensive workloads required them to work at night and over the weekends. *See, e.g.*, R. 56-2, Ford Dep. 152:1-2, 354:6-13; R. 56-3, Glody Dep. 94:3-18, 432:21-433:5. According to Plaintiffs, working overtime was not a one-time occurrence; they regularly worked more than 8 hours a day throughout their employment at U.S. Foods. *See* R. 56-2, Ford Dep. 373:6-377:20; R. 56-3, Glody Dep. 95:24-96:7; R. 56-4, Elvebo Dep. 104:1-18.

Finally, Plaintiffs testified that they were previously classified as hourly employees and paid overtime wages but that U.S. Foods stopped paying them those wages after the reclassification in October 2016. *See* R. 56-4, Elvebo Dep. 357:6-12; R. 56-5, Herrera Dep. 405:21-406:15. They also testified that their job responsibilities did not change after October 2016 even though their pay structure did. *See* R. 56-2, Ford Dep. 440:4-18; R. 56-4, Elvebo Dep. 356:21-357:12; R. 56-5, R. 56-5, Herrera Dep. 52:21-53:6. And Plaintiff Ford further testified that the reclassification affected all Buyers—Grocery, COP, and Produce—not just Grocery Buyers. *See* R. 56-2, Ford Dep. 617:17-24. In light of these allegations, Plaintiffs have made the "modest factual showing" that Grocery, COP, and Produce Buyers are similarly situated. *See Gomez*, 306 F.R.D. at 173.

U.S. Foods makes several arguments against conditional certification but none are persuasive. U.S. Foods argues first that Plaintiff Ford—who only worked as a Grocery Buyer—is not similarly situated to Produce or COP Buyers. *See* R. 65 at 7-9. But as explained above, Plaintiff Ford put forth evidence suggesting that *all* Buyers had similar job responsibilities and that *all* Buyers had been reclassified as salaried workers in October 2016. *See supra*. This showing is enough to make it past the conditional certification stage. *See Rossman v. EN Eng'g, LLC*, No. 19-CV-05768, 2020 WL 5253861, at *4 (N.D. Ill. Sept. 3, 2020) (finding group of employees similarly situated because plaintiff proffered evidence suggesting that all employees "performed similar job duties"); *Vargas*, 2020 WL 1288982, at *3 (same); *Jirak*, 566 F. Supp. 2d at 848 (same).

U.S. Foods argues next that Plaintiff Ford is not similarly situated to other Grocery Buyers because she performed her job differently than opt-in Plaintiffs Glody, Elvebo, and Herrera. *See* R. 65 at 1, 9-15. U.S. Foods specifically points to differences in how the former Grocery Buyers made purchasing decisions, handled inventory reports, and interacted with supervisors. *See id*. According to U.S. Foods, these differences show that certification is inappropriate and that separate mini-trials will be required in the future.

This argument misses the mark. "[W]hether . . . discrepancies [between potential class members] will become important down the road does not affect the current question of conditional certification." *Salmans v. Byron Udell & Assocs.*, No. 12 C 3452, 2013 WL 707992, at *4 (N.D. Ill. Feb. 26, 2013) (citing *Smallwood v. Illinois*

7

*Bell Tel. Co.*, 710 F. Supp. 2d 746, 751 (N.D. Ill. 2010)). The Court's focus at step one is to determine whether Plaintiff Ford has made the "modest factual showing" that she and other similarly situated Buyers were "victims of a common policy or plan that violated the law." *Salmans*, 2013 WL 707992, at *2. She does "not need to show that other potential class members worked under *identical* circumstances, but only that their circumstances were similar." *Id.* at *4 (emphasis in original). Accordingly, the "rigorous comparison of day-to-day job responsibilities" urged by U.S. Foods "is inappropriate at the conditional certification stage." *Petersen v. Marsh USA, Inc.*, No. 10-1506, 2010 WL 5423734, at *5 (N.D. Ill. Dec. 23, 2010) (citing *Smallwood*, 710 F. Supp. 2d at 751).

      Lastly, to the extent U.S. Foods also argues that the differences among Grocery Buyers demonstrate that they are "exempt" employees under the FLSA, and thus not entitled to overtime wages, this argument fails too. See R. 65 at 9-10. Courts in this Circuit routinely hold that arguments related to exemption go to the merits of the parties' claims and are not to be considered at step one. *See, e.g.*, *Briggs*, 2016 WL 1043429, at *6; *Betancourt v. Maxim Healthcare Servs., Inc.*, No. 10 C 4763, 2011 WL 1548964, at *7 (N.D. Ill. Apr. 21, 2011); *Rossman*, 2020 WL 5253861, at *5; *Boltinghouse v. Abbott Labs., Inc.*, 196 F. Supp. 3d 838, 842–43 (N.D. Ill. 2016); *Ivery v. RMH Franchise Corp.*, 280 F. Supp. 3d 1121, 1137 (N.D. Ill. 2017). Down the road, after the parties engage in more substantial discovery, U.S. Foods can argue that an FLSA exemption precludes Plaintiff Ford's claim. But for now, at this juncture, U.S. Food's argument is premature.

For the reasons discussed above, the Court grants Plaintiffs' motion to conditionally certify the FLSA collective action.

## II. Court-Authorized Notice and Method of Delivery

The Court turns next to Plaintiffs' proposed notice. *See* R. 56-1 at 13-14; R. 56-7. Notice is adequate if it is "accurate and timely." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Plaintiffs' proposed notice is addressed to "Grocery Buyers, Center of Plate ("COP") Buyers and Produce Buyers (collectively, "Buyers") who are or were employed by U.S. Foods, Inc. ("Defendant") from [three years prior to the order] to the present." *See* R. 56-7. U.S. Foods says that the notice "gives the appearance of judicial sponsorship and endorsement of the merits of Plaintiff's claims" but U.S. Foods does not point to any particular part of the notice that it thinks resembles a sponsorship or endorsement. *See* R. 65 at 7.

The Court approves the notice subject to one revision. That is, the notice should explicitly clarify that it is not addressed to Senior Produce Buyers—a job title that Plaintiffs said they do not intend to include in the collective action. *See* R. 68 at 10. This revision will prevent any confusion that might arise given the notice's reference to Produce Buyers. Subject to that change, the Court approves Plaintiffs' proposed notice.

Plaintiffs also asks that the Court order U.S. Foods to produce a list of all Grocery Buyers, COP Buyers, and Produce Buyers employed by U.S. Foods at any time within the last three years. R. 56-1 at 13-14; R. 56-6. Ford asks that the list be produced in excel format and include the following information: name, title, last known mailing

9

address, telephone number, personal email address, dates of employment, and location(s) of employment. R. 56-1 at 13-14. U.S. Foods does not object to this request. The Court accordingly grants it.

Finally, Plaintiffs ask that the notice be mailed via First Class U.S. mail and distributed via email. The Court grants this request too. *See Dennis v. Greatland Home Health Servs., Inc.*, 438 F. Supp. 3d 898, 902 (N.D. Ill. 2020) (finding U.S. mail and email to be "commonplace for issuing notice of FLSA collective actions"); *Muir v. Guardian Heating & Cooling Servics, Inc.*, No. 16 C 9755, 2017 WL 959028, at *10 (N.D. Ill. Mar. 13, 2017).

## Conclusion

For the foregoing reasons, Plaintiffs' motion to conditionally certify a collective action pursuant to the FLSA, R. 56, is granted. The court-authorized notice shall be revised in accordance with this order. U.S. Foods shall produce to Plaintiffs, within 21 days of this order, an excel spreadsheet that contains the following information concerning Grocery Buyers, COP Buyers, and Produce Buyers employed by U.S. Foods at any time within the last three years: name, title, last known mailing address, telephone number, personal email address, dates of employment and location(s) of employment.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated:  October 8, 2020